IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL ZAMORA-ALONSO, ) | | |
| ID # 77998-280, ) | | |
|       Movant, ) | No. 3:18-CV-1965-M (BH) | |
| vs. ) | No. 3:16-CR-143-M (1) | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|       Respondent. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice.

**I. BACKGROUND**

Miguel Angel Zamora-Alonso ("Movant"), a federal prisoner, challenges his sentence in Cause No. 3:16-CR-143-M (1). (*See* docs. 2 & 3.)[1]

Movant pleaded guilty to illegal reentry after removal. (*See* doc. 30.) The United States Probation Office prepared a Presentence Report (PSR), applying the 2015 United States Sentencing Guidelines Manual (U.S.S.G.). (*See* doc. 21 at 5.) The PSR recommended that the Court increase Movant's offense level by 16 because he had two prior Texas convictions for aggravated assault. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (providing for a 16-level increase in the defendant's offense level if he was previously deported after a conviction for a crime of violence for which he receives criminal history points under Chapter Four). The PSR calculated Movant's Guideline Sentence range as 77 to 96 months' imprisonment. (*See* doc. 21 at 14.) The Court adopted the PSR and sentenced Movant to 77 months' imprisonment, with a 3-year term of supervised release. (*See* doc.

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:16-CR-143-M (1).

30.)

Movant's sentence was affirmed on direct appeal, *see United States v. Zamora-Alonso*, 693 F. App'x 370, 370 (5th Cir. 2017) (per curiam), and his petition for a writ of certiorari was denied, *see Zamora-Alonso v. United States*, 138 S. Ct. 486 (2017).

Movant's § 2255 motion claims only that the Court erred in calculating his sentence under the U.S.S.G. (*See* 3:18-CV-1965-M, doc. 2 at 7.) He argues that his prior convictions for aggravated assault are no longer crimes of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), so he is entitled to re-sentencing without the 16-level increase in his offense level. (*See* 3:18-CV-1965-M, doc. 3 at 2-3.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). A claim that was raised and rejected on direct appeal is "barred from collateral review." *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997).

On direct appeal, the United States Court of Appeals for the Fifth Circuit rejected precisely the claim that Movant raises here–that his prior aggravated assault convictions were not crimes of violence under § 2L1.2(b)(1)(A)(ii). *Compare Zamora-Alonso*, 693 F. App'x at 370 (rejecting Movant's claim that "his Texas conviction for aggravated assault under Texas Penal Code § 22.02 . . . does not have as an element the use, attempted use, or threatened use of force and does not conform to the generic definition of aggravated assault."), *with* (3:18-CV-1965-M, doc. 3 at 2-3 (arguing that the Court misapplied the U.S.S.G. because Movant's prior conviction for aggravated

assault "is no longer a crime of violence" because "it does not have a physical force element.")). Because the Fifth Circuit has already rejected Movant's claim on direct appeal, he is barred from bringing it in this collateral proceeding. *See Rocha*, 109 F.3d at 229 (holding that the movant's claims that were raised and rejected on direct appeal were barred from collateral review). .

### III.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 31st day of July, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE